UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 08-61331-CIV-COOKE/BANDSTRA

SHIRLEY ANN VARNADO,

   *Plaintiff,*

v.

MICHAEL B. MUKASEY,

   *Defendant.*

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Defendant's Motion for Summary Judgment [D.E. 36], Plaintiff's Reply Motion to Deny Defendant's Motion for Summary Judgment [D.E. 46], and Defendant's Reply in Support of his Motion for Summary Judgment [D.E. 48]. For the reasons stated below, the Motion for Summary Judgment is granted.

### I. Background

Plaintiff Shirley Ann Varnado, a pro se litigant, filed a civil rights complaint on August 20, 2008, alleging that she was subjected to race, gender, and age discrimination, a hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. Plaintiff, an African American female above the age of 40, was employed with the Drug Enforcement Administration ("DEA") from 1987 until she was terminated on September 20, 2007. Ms. Varnado contends that she suffered discrimination in the form of biased evaluations, biased counseling, assignment of a substandard official government vehicle, suspension of cell phone usage, placement on sick leave restrictions, placement on a

1

performance improvement plan, failure to promote, and ultimately termination.  (Compl. ¶ 6).

On April 4, 2007, Plaintiff made her initial contact with an Equal Employment Opportunity

(EEO) Counselor regarding her concerns.  (Compl. ¶ 5).

## II. Standards of Law

Under the Federal Rules of Civil Procedure, summary judgment "shall be rendered

forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Summary judgment is appropriate "after adequate time for discovery and upon motion, against a

party who fails to make a showing sufficient to establish the existence of an element essential to

that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v.

Catrett*, 477 U.S. 317, 323 (1986).  "The moving party bears the initial burden to show the

district court, by reference to materials on file, that there are no genuine issues of material fact

that should be decided at trial . . . [o]nly when that burden has been met does the burden shift to

the non-moving party to demonstrate that there is indeed a material issue of fact that precludes

summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Rule

56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by

the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts

showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.  Thus, the nonmoving

party "'may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth

specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its

opponent must do more than simply show that there is some metaphysical doubt as to the material facts"). The Court, however, must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue of material fact remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).

## III. Analysis

Defendant argues that summary judgment is required because Plaintiff failed to exhaust the administrative remedies imposed on her prior to bringing the instant case. Alternatively, Defendant urges me to grant summary judgment on the basis that Plaintiff has failed to establish her claims of employment discrimination, hostile work environment, or retaliation. I will address each argument in turn.

*A. Failure to Exhaust Administrative Remedies Bar Disparate Treatment Claims*

Under Title VII and the ADEA, federal employees are required to consult an EEO Counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1); *see* 42 U.S.C. § 2000e-16(b); 29 U.S.C. § 633b; *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999). "Generally, when the claimant does not initiate contact within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies." *Shiver v. Chertoff*, 549 F.3d 1342 (11th Cir. 2008) (per curiam). The 45-day time limit shall be extended in cases where the "individual shows that he or she was not notified of the time limits and was not otherwise aware of them." 29 C.F.R. § 1614.105(a)(2). The continuing violations doctrine allows for otherwise time-barred claims to be heard when those claims are part of a continuous discriminatory employment practice and an instance of that practice is alleged in a timely filed EEO charge of discrimination. *See Beavers v. American Cast Iron Pipe Co.*, 975 F.2d 792, 796

(11th Cir. 1992). On the other hand, discrete acts of discrimination which are not timely brought will be barred. *Id.*

Defendant argues that Plaintiff's claims are barred for failure to timely exhaust her administrative remedies because Plaintiff relies on discrete acts of alleged discrimination which occurred more than 45 days prior to her initial contact with an EEO Counselor. Plaintiff, however, argues that the otherwise time-barred acts are part of a continuous discriminatory practice which is therefore timely brought, and that she otherwise made a good faith effort to meet her exhaustion requirement. I agree with Defendant that the acts not reported to an EEO Counselor within 45 days are now barred from forming the basis of the disparate treatment claims.

The acts relied upon by Plaintiff are discrete instances of alleged discrimination of which Plaintiff was aware at the time that they occurred. These acts include biased evaluations, biased counseling, assignment of a substandard official government vehicle, suspension of cell phone usage, placement on sick leave restrictions, placement on a performance improvement plan, and failure to promote. Defendant has shown, by reference to the deposition and affidavit of Ms. Varnado, that each of these acts occurred more than 45 days from the time that Plaintiff initiated contact with an EEO counselor on April 4, 2007. (Def.'s Mot. Summ. J. 6). Additionally, Defendant has shown that Plaintiff never amended her Complaint of Discrimination filed on May 14, 2007 to include her termination, which became effective on September 20, 2007. (*Id.*)

Defendant has failed to show that there remain any genuine issues of material fact as to the exhaustion of her administrative remedies which would counsel against entry of summary judgment. Although Plaintiff recites a lengthy list of contacts that she made in an attempt to resolve her claims of discrimination, none of those contacts were directed at an EEO counselor

prior to April 4, 2007, as was required.  (Pl.'s Resp. 7-8); [D.E. 46].  Plaintiff's argument that these contacts constitute good faith effort to comply with her exhaustion requirements is misplaced.  A complainant's good faith effort satisfies her exhaustion requirement when she makes a reasonable effort to provide the agency and EEOC with the information needed to investigate a complaint.  *See Wade v. Secretary of Army*, 796 F.2d 1369, 1377 (11th Cir. 1986) ("Good faith effort by the employee to cooperate with the agency and EEOC and to provide all relevant, available information is all that exhaustion requires.").  Here, Plaintiff's failure was not that she failed to provide the EEO counselor with information requested, but that she failed to make the initial contact with the counselor before the 45-day charging period expired.  Finally, Plaintiff, who served as the chairperson of a National EEO Monitoring Committee, has failed to allege any reasonable basis for being unaware of the 45-day charging period.

Accordingly, Plaintiff's disparate treatment claims are dismissed for failure to exhaust her administrative remedies.

### B. Failure to Establish a Hostile Work Environment

Plaintiff alleges that the same acts which she relied upon as the basis of her disparate treatment case also form the basis for a claim of hostile work environment.  To prove a hostile work environment, Plaintiff must show "that her employer discriminated because of her membership in a protected group, and that the offensive conduct was either sever or pervasive enough to alter the terms or conditions of employment".  *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010).  Here, Plaintiff has failed to show any evidence in the record demonstrating that any of the alleged acts of discrimination were based on a protected characteristic, such as by pointing out conduct or comments that demeaned Plaintiff based on her

race, gender, or age.  Furthermore, the acts alleged are simply not severe or pervasive enough to be viewed by a reasonable person as having altered the terms or conditions of her employment.

Accordingly, I find that Plaintiff has failed to meet her burden of establishing a genuine issue of fact as to her claim of hostile work environment.

### C.  Failure to Establish Retaliation

In addition to prohibiting discrimination, Title VII and the ADEA also prohibit an employer from retaliating against an employee because she "has opposed any practice made an unlawful employment practice by [Title VII or ADEA], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing [thereunder]." 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d).  To establish a *prima facie* case of retaliation, a plaintiff must show (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two events." *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998) (ADEA); *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 587 (11th Cir. 2000) (Title VII).

Plaintiff's claims of retaliation seem to stem from a her previous EEO charge filed sometime in 2000, her participation in an EEO Monitoring Committee beginning in 2003, and the most recent EEO charge in May 2007.  The EEO charge filed in 2000 and Plaintiff's participation in an EEO Monitoring Committee beginning in 2003 are far too removed from any of the alleged acts of discrimination to demonstrate a causal connection between the two. *See Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) ("If there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law.").

6

Additionally, with the exception of her termination, the remaining alleged acts of discrimination relied upon by Plaintiff do not constitute adverse employment actions for the purposes of making out her retaliation claim. *See Burlington Northern v. Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (holding that an adverse employment action for retaliation claims must be "materially adverse" such that it would dissuade a reasonable worker from making or supporting a charge of discrimination). Even Plaintiff's claim of failure to promote must fail because she admitted at deposition that she never actually applied for a promotion.

Finally, Plaintiff's claim of retaliation based on her termination a few months after her most recent EEO charge fails because she has not produced any record evidence that Defendant's non-retaliatory reasons for the discharge are pretext. Defendant has shown that Plaintiff was terminated based on poor performance, abuse of leave, and failure to follow orders. Plaintiff has produced no record evidence to rebut the non-retaliatory reasons articulated by Defendant, as is required under the McDonnell Douglas burden-shifting framework. *See, e.g., Brown v. Alabama Dept. of Transp.*, 597 F.3d 1160, 1174 (11th Cir. 2010) ("The McDonnell Douglas burden-shifting analysis applies in cases of retaliation relying on circumstantial evidence[.]").

Accordingly, Defendant is entitled to summary judgment as to Plaintiff's claim of retaliation.

## IV. Conclusion

For the foregoing reasons, I **ORDER** and **ADJUDGE** as follows:

1.  Defendant's Motion for Summary Judgment [D.E. 36] is **GRANTED**.

2.  This case is **CLOSED**.

3.  All pending motions are denied as **MOOT**.

**DONE** and **ORDERED** in Chambers in Miami, Florida, this 1ˢᵗ day of June 2010.


_____

MARCIA G. COOKE
United States District Judge


*Copies furnished to:*

*The Hon. Ted E. Bandstra*

*All counsel of record*

*Shirley Ann Varnado*
*8442 SW 44 Place*
*Davie, FL 33328*

8