UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 08-61331-Civ-COOKE/BANDSTRA

SHIRLEY ANN VARNADO,

  Plaintiff

vs.

MICHAEL B. MUKASEY,

  Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS MATTER is before me upon Plaintiff's Amended/Corrected Motion for Reconsideration. (ECF No. 57). I have reviewed the record, the arguments and the relevant legal authorities. For the reasons stated below, Plaintiff's Motion for Reconsideration is denied.

### *I. BACKGROUND*

On August 20, 2008, Plaintiff filed a civil rights complaint alleging that she was subjected to race, gender, and age discrimination, a hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. (ECF No. 1). On February 1, 2010, Defendant filed a Motion for Summary Judgment, arguing that Plaintiff failed to exhaust her administrative remedies and ultimately failed to establish her claims of employment discrimination, hostile work environment or retaliation.

On June 1, 2010, I entered an Order Granting Defendant's Motion for Summary Judgment. (ECF No. 54). In reaching this decision, I found that Plaintiff's Title VII and ADEA claims were barred because Plaintiff failed to make initial contact with the Equal Employment

Opportunity ("EEOC") Counselor within the 45-day charging period. (*Id.*). I further found that Plaintiff failed to establish a prima facie case for hostile work environment or retaliation and did not meet the good faith requirements. Plaintiff now argues that the Court erred in granting Defendant's Motion for Summary Judgment because she was not provided appropriate notice before the Court's ruling and that changes in controlling laws warrant reconsideration.

## II. LEGAL STANDARD

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007). A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce" the court to reverse its prior decision. *Slomcenski v. Citibank, N.A.,* 432 F.3d 1271, 1276 (11th Cir. 2005). Courts generally grant motions for reconsideration when there is "(1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." *Id.*

## III. ANALYSIS

Plaintiff argues that Rule 56 of the Federal Rules of Civil Procedure obligates the Court to provide "a 10-day advance notice" prior to ruling on a motion for summary judgment, "as to give the non-moving party a reasonable opportunity to submit opposing material of a genuine issue of material fact." (ECF No. 57 at 4). Plaintiff is incorrect.

Prior to December 2009, Rule 56(c) provided that a summary judgment motion "must be served at least 10 days before the day set for hearing." Fed. R. Civ. P. 56(c) (2008). The procedural requirements were strictly enforced and were interpreted to require a court to provide advance notice to litigants prior to entry of a summary judgment order. *Herron v. Beck*, 693

F.2d 125, 126 (11th Cir. 1982). Rule 56, however, has since been amended to remove that temporal notice requirement and now requires a briefing period for a summary judgment motion. *See* Fed. R. Civ. P. 56(c) (2009). Specifically, Rule 56(c) requires a party opposing a motion for summary judgment to file the appropriate response "within 21 days after the motion is served or a responsive pleading is due, whichever is later." Fed. R. Civ. P. 56(c)(1) (2009). A court will only grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2) (2009). Here, Plaintiff not only had the opportunity to file a response in opposition to Defendant's motion for summary judgment, but also had an opportunity to present all evidence relevant as to why summary judgment was improper. A review of the motion's extensive briefing demonstrates that summary judgment in favor of Defendant was indeed proper.

Plaintiff further argues that and intervening change in law concerning the burden of proof standard in ADEA cases requires a different outcome in this case.[1] Plaintiff, again, is mistaken. It is true that a district court may reconsider its ruling on a motion for summary judgment when there has been "an intervening change in controlling law." *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990). "At every stage in the proceedings, the court must 'stop, look, and listen' to determine the impact of changes in the law on the case before it." *Naturist Soc., Inc. v. Fillyaw*, 958 F.2s 1515, 1520 (11th Cir. 1992) (quoting *Kremens v. Bartley*, 431 U.S. 119, 135 (1977)). The record evidence in this case, however, has clearly established that Plaintiff failed to initiate contact with the EEOC within the prescribed 45-day time period.

---

[1] Plaintiff argues that the holdings *Gross v. FBL Fin. Servs.*, __ U.S. __, 129 S. Ct. 1343 (2009) and *Mora v. Jackson Mem'l Found., Inc.*, 597 F.3d 1201 (11th Cir. 2010) require the Court to apply the "ordinary default rule that plaintiffs bear the risk of failing to prove their claims." *Mora* at 1204.

As a result, Plaintiff's ADEA claims are time barred. There is, accordingly, no need to address whether Plaintiff met the requisite burden of proof.

Lastly, Plaintiff argues that the Court "misapplied the facts, evidence and law" and "precluded Plaintiff from presenting evidence" of a hostile work environment and retaliation "due to this Court's entry of its order without notice." (ECF No. 57 at 9-10). As addressed above, the Federal Rules of Civil Procedure no longer require the Court to give a party, *pro se* litigant or otherwise, temporal notice prior to ruling on a summary judgment motion. Moreover, Plaintiff demonstrated her familiarity with summary judgment procedures when she timely responded to Defendant's motion with interpretations of the facts, case law, legal arguments, and numerous exhibits containing summary judgment evidence. There is nothing in the record to indicate that Plaintiff would respond any differently if she had been given substantive notice.

### IV.  CONCLUSION

Plaintiff has offered no new evidence or new law which, had they been considered, might reasonably have altered the result reached by the Court. Accordingly, I hereby **ORDER and ADJUDGE** that Plaintiff's Motion for Reconsideration (ECF No. 57) is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida this 27TH day of December 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*

Shirley Ann Varnado
8442 SW 44 Place
Davie, Florida 33328